UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWOOD AHMED,

    Plaintiff,

    v.

MICHAEL CHERTOFF, *et al.*,

    Defendants.

Case No. C08-1347RSL

ORDER GRANTING MOTION TO REMAND TO USCIS AND REMANDING CASE

## I. INTRODUCTION

This matter comes before the Court on defendants' motion to remand plaintiff's naturalization application to United States Citizenship and Immigration Services ("USCIS"), and on plaintiff's motion for a naturalization hearing. For the reasons set forth below, the Court grants defendants' motion and denies plaintiff's motion.

## II. DISCUSSION

**A. Background**

On January 27, 2004, plaintiff filed his N-400 application for naturalization with USCIS (the "application"). USCIS interviewed Mr. Ahmed on December 6, 2004, but then failed to adjudicate his application in a timely fashion. On September 9, 2008, plaintiff filed his petition

ORDER GRANTING MOTION
TO REMAND TO USCIS - 1

for a naturalization hearing with this Court pursuant to 8 U.S.C. § 1447(b). The Court ordered defendants to show cause why plaintiff should not be naturalized and, if appropriate, provide a proposed plan for the prompt administrative adjudication of his application (Dkt. #4). The Court granted the parties a continuance to allow USCIS to interview plaintiff on December 8, 2008 (Dkt. #6). Subsequently, defendants responded to the Court's order to show cause and moved to remand on January 23, 2009. Plaintiff filed a cross-motion for a naturalization hearing on January 29, 2009.

**B. Analysis**

An applicant may petition for judicial naturalization when USCIS fails to render a decision within 120 days. The relevant statute, 8 U.S.C. § 1447(b), provides:

> If there is a failure to make a determination under [8 U.S.C. § 1446] before the end of the 120-period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) (2006). USCIS first interviewed Mr. Ahmed on December 6, 2004. Plaintiff still awaits a decision on his application over four years later. Accordingly, this Court has jurisdiction over plaintiff's complaint. See Hovsepian v. United States, 359 F.3d 1144, 1164 (9th Cir. 2004). The Court may either review the application *de novo* or remand the matter to USCIS.

Defendants argue that USCIS is still evaluating plaintiff's eligibility for naturalization, and urge the Court to remand. Specifically, defendants cite information from the Federal Bureau of Investigation ("FBI") which suggests that plaintiff may be a national security risk. See Dkt. #8 (Brouillard Decl.), Ex. 1[1]. Defendants do not disclose when the agency first learned of the FBI's concerns, but nevertheless claim that USCIS cannot adjudicate Mr. Ahmed's petition

---

[1] The Court will grant plaintiff Ahmed's unopposed motion (Dkt. #13) to seal the FBI memorandum. The Clerk of Court is hereby directed to seal Dkt. # 8-2 in the above-captioned matter.

ORDER GRANTING MOTION
TO REMAND TO USCIS - 2

without further investigation.

Plaintiff adamantly rejects his characterization as a possible security risk, and urges the Court to conduct a naturalization hearing. Plaintiff argues that remand would be futile because USCIS has already decided to deny his application. Yet the record does not support that conclusion; defendants request more time to make a determination. Plaintiff cites a number of cases in which courts have granted an evidentiary hearing, including some from this district. For example, in Ghanim v. Gonzales, No. 07-594MJP, 2007 U.S. Dist. LEXIS 57182 (W.D. Wash. Aug. 6, 2007), the court granted a hearing over defendant's objection that the petitioner's "name check" was not complete. The government claimed that a backlog within the agency prevented USCIS from timely adjudicating the application. This is distinguishable from the facts in the present case. Here, defendants do not claim procedural delays. Rather, defendants assert that a background check raised national security concerns that warrant further investigation.

This Court sympathizes with Mr. Ahmed's understandable frustration over the prolonged delay. However, he may not obtain a more favorable or expeditious result from this Court, which would have to conduct a *de novo* hearing following discovery by the parties. Based on the documents defendants submitted, the agency may have a legitimate reason for delaying adjudication. Most importantly, the agency is in the best position to render a decision on plaintiff's application because it is the designated agency responsible for determining the issuance of immigration benefits. This Court is not equipped to conduct the kind of investigation required to determine whether an applicant presents a risk to national security or public safety. See Aslam v. Gonzales, No. 06-614MJP, 2006 U.S. Dist. LEXIS 91747, at *6 (W.D. Wash. Dec. 19, 2006) (citing El-Daour v. Chertoff, 417 F. Supp. 2d 679, 684 (W.D. Pa. 2005)). Still, this Court recognizes that plaintiff remains in a state of limbo until USCIS reaches a decision. Plaintiff can request a hearing before an immigration officer only after USCIS decides his claim. 8 U.S.C. § 1421(c), (d); 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2. While defendants urge the Court to remand without time restrictions, a court-imposed time frame is

appropriate given the previous delay. Defendants have not offered any information regarding how long the investigation might take, raising concerns that it could drag on indefinitely without an established time frame. Accordingly, this Court remands the matter back to the USCIS with instructions to complete adjudication within ninety days. This time frame considers both defendants' interest in public safety and national security, and plaintiff Ahmed's individual interest in having his naturalization application adjudicated in a timely manner. If USCIS is unable to adjudicate his application within ninety days, defendants may move the Court to reopen the case and request additional time.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's motion (Dkt. #13) to seal Dkt. #8-2, GRANTS defendants' motion to remand and dismiss (Dkt. #7), DENIES plaintiff's motion for a naturalization hearing (Dkt. #9), REMANDS this case to USCIS for adjudication of plaintiff's naturalization application within ninety days, and DISMISSES this action without prejudice.

DATED this 5th day of March, 2009.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO REMAND TO USCIS - 4